**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| ALEM LOPEZ, | : | |
| | : | Civil Action No. 09-405 (RBK) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| PERRY PHELPS, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |
| | : | |

**APPEARANCES:**

Pro Se Petitioner
Alem Lopez

Counsel for Respondents
Paul R. Wallace
Deputy Attorney General
Delaware Department of Justice
Wilmington, DE 19801

**KUGLER**, District Judge

Pending before the Court is a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C.

§ 2254 ("Petition") filed by Alem Lopez ("Petitioner").  (D.I. 2.)  Petitioner is incarcerated at the

James T. Vaughn Correctional Center in Wilmington, Delaware.  For the reasons set forth below,

the Court will deny the Petition without an evidentiary hearing.

## I.  BACKGROUND

In November 2004, Petitioner was indicted on one count each of first degree murder,

possession of a firearm during the commission of a felony ("PFDCF"), possession of deadly

weapon by a person prohibited ("PDWPP"), and attempted first degree murder.  The charges

stemmed from the shooting death of Jamie Romero Rojas and the shooting assault of Christian

Ceron in a gang-related incident.  (D.I. 15, at p.1)  In September 2006, Petitioner entered pleas of

guilty to one count of the lesser included offense of manslaughter and one count of PFDCF.

State v. Lopez, 2007 WL 1248515, at *1 (Del. Super. Ct. Apr. 25, 2007).  The Superior Court

sentenced Petitioner to thirty-five years of imprisonment at Level V, suspended after twenty

three years for two years at Level IV, suspended after six months for eighteen months at Level

III.  State v. Lopez, 2008 WL 2690364, at *1 (Del. Super. Ct. May 8, 2008).  Petitioner did not

appeal his conviction to the Delaware Supreme Court.  See Lopez v. State, 972 A.2d 312

(Table), 2009 WL 1317092, at *1 (Del. May 13, 2009).

    In November 2006, Petitioner filed a motion to withdraw his guilty plea.  However, the

Superior Court treated the motion in part as a motion for post-conviction relief pursuant to

Delaware Superior Court Criminal Rule 61 because Petitioner alleged ineffective assistance of

counsel ("first Rule 61 motion/motion to dismiss").  The Superior Court denied the motion, and

Petitioner did not appeal that decision.  See Lopez, 2009 WL 1317092, at *1.

    In October 2007, Petitioner filed a second Rule 61 motion ("second Rule 61 motion").

The Superior Court denied some claims as untimely under Rule 61(i)(1) and the other claims as

meritless under Rule 61(i)(5).  Petitioner appealed that decision, and the Delaware Supreme

Court remanded the matter to the Superior Court after determining that no claims were time-

barred.  Id. at *1 n.1.  On remand, the Superior Court considered all of the claims raised in

Petitioner's second Rule 61 motion and denied the  motion.  Petitioner appealed, and the

Delaware Supreme Court affirmed the Superior Court's judgment.  Id.

    Petitioner timely filed the pending habeas Petition in June 2009, asserting the following

five grounds for relief: (1) counsel provided ineffective assistance; (2) the trial court erred by not

2

permitting Petitioner to withdraw his guilty plea; (3) the trial court erred by refusing to continue

his trial; (4) the trial court erred by failing to conduct an evidentiary hearing into an alleged

conflict of interest between Petitioner and his counsel; and (5) the trial court erred by

participating in plea discussions.  (D.I.  2)  The State filed an Answer asking the Court to deny

the Petition in its entirety.  (D.I. 15)   Petitioner filed a Reply.   (D.I. 19)   The Petition is ready

for review.

## II.  <u>GOVERNING LEGAL PRINCIPLES</u>

### A.    <u>Exhaustion and Procedural Default</u>

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

"to reduce delays in the execution of state and federal criminal sentences . . . and to further the

principles of comity, finality, and federalism."  <u>Woodford v. Garceau</u>, 538 U.S. 202, 206

(2003)(internal citations and quotation marks omitted).  Pursuant to the AEDPA, a federal court

may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody

in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas

petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions

are given effect to the extent possible under law."  <u>Bell v. Cone</u>, 535 U.S. 685, 693 (2002);  <u>see</u>

<u>Woodford</u>, 538 U.S. at 206.

Absent exceptional circumstances, a federal court cannot review the merits of claims

asserted in a habeas petition unless the petitioner has exhausted all means of available relief for

the claims under state law.  28 U.S.C. § 2254(b);  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842-44

(1999);  <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971).  A petitioner satisfies the exhaustion

requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct or on post-conviction appeal, in a procedural manner permitting the state courts to consider it on the merits.  See Duncan v. Henry, 513 U.S. 364, 365 (1995);  Castille v. Peoples, 489 U.S. 346, 351 (1989);  Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

If a petitioner presents unexhausted habeas claims to a federal court, but state procedural rules bar further state court review of those claims, the federal court will excuse the failure to exhaust and treat the claims as exhausted.  Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000); Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001);  see Teague v. Lane, 489 U.S. 288, 297-98 (1989).  Although deemed exhausted, such claims are considered procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 749 (1991);  Lines, 208 F.3d at 160.  A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999);  Coleman, 501 U.S. at 750-51.

To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  Murray v. Carrier, 477 U.S. 478, 488 (1986).  To demonstrate actual prejudice, a petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  Id. at 494.

Alternatively, if a petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," then the federal court can excuse the

procedural default and review the claim in order to prevent a fundamental miscarriage of justice. Murray, 477 U.S. at 496;  Edwards v. Carpenter, 529 U.S. 446, 451 (2000).  The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency.  Bousley v. United States, 523 U.S. 614, 623 (1998);  Murray, 477 U.S. at 496.  A petitioner establishes actual innocence by asserting "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt.  Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir. 2004).

**B.**     **Standard of Review**

If a state's highest court adjudicated a habeas petitioner's claim on the merits, then the federal district court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d).  A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground.  Thomas v. Horn, 570 F.3d 105, 115 (3d Cir. 2009).  Pursuant to § 2254(d), federal habeas relief may only be granted when the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial.  28 U.S.C. § 2254(d)(1) & (2);  Williams v. Taylor, 529 U.S. 362, 412 (2000);  Appel v. Horn, 250 F.3d 203, 210 (3d Cir. 2001).

When reviewing a habeas claim, a federal court must presume that the state court's

5

determinations of factual issues are correct.  28 U.S.C. § 2254(e)(1).  This presumption of

correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and

convincing evidence to the contrary.  28 U.S.C. § 2254(e)(1);  Campbell v. Vaughn, 209 F.3d

280, 286 (3d Cir. 2000);  Miller-El v. Cockrell, 537 U.S. 322, 341 (2003)(stating that the clear

and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable

application standard of § 2254(d)(2) applies to factual decisions).

### III.  DISCUSSION

**A.      Claim One: Ineffective Assistance of Counsel**

In Claim One, Petitioner contends that defense counsel was ineffective for: (1) failing to

interview witnesses and conduct a pre-trial investigation; (2) failing to effectively prepare for

trial; (3) failing to communicate with Petitioner and properly devise sound trial strategy; (4)

failing to aggressively take on and assume the posture of a defense advocate; (5) making racial

epithets which undermined Petitioner's trust and confidence in counsel; (6) failing to investigate

and determine the merits of a Sixth Amendment speedy trial violation; and (7) failing to call

character witnesses who were willing to testify on Petitioner's behalf.  Petitioner presented these

allegations to the Delaware Supreme Court on post-conviction appeal, and the Delaware

Supreme Court denied them as meritless.  Therefore, Petitioner will be entitled to habeas relief

only if the Delaware Supreme Court's decision was either contrary to, or an unreasonable

application of, clearly established Supreme Court precedent.  See 28 U.S.C. § 2254(d)(1).

The clearly established Supreme Court precedent governing ineffective assistance of

counsel claims is the two-pronged standard enunciated by Strickland v. Washington, 466 U.S.

668 (1984) and its progeny.  See Wiggins v. Smith, 539 U.S. 510 (2003).  Under the first

Strickland prong, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. Strickland, 466 U.S. at 688. Under the second Strickland prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." Id. at 687-96. In the context of a guilty plea, a petitioner satisfies Strickland's prejudice prong by demonstrating that, but for counsel's error, there is a reasonable probability that he would have insisted on proceeding to trial instead of pleading guilty. See Hill v. Lockhart, 474 U.S. 52, 58 (1985).

During Petitioner's post-conviction appeal, the Delaware Supreme Court reviewed the transcript of the plea colloquy, and found that Petitioner had thoroughly discussed the plea with counsel and that he was satisfied with counsel's advice regarding the plea. According to the Delaware Supreme Court, although "the transcript of [Petitioner's] guilty plea colloquy reflects that he initially was reluctant to accept the State's plea bargain, the Superior Court judge afforded him extra time to consult with his counsel. Ultimately, having consulted with his counsel, [Petitioner] decided that it was in his best interest to accept the State's plea bargain." Lopez, 2009 WL 1317092, at *1. The Delaware Supreme Court concluded that the Superior Court judge properly accepted Petitioner's guilty plea as knowing and voluntary, and then denied Petitioner's contention that counsel provided ineffective assistance for two reasons. Id. at *2. First, the Delaware Supreme Court determined that Petitioner was bound by the statements he made during the plea colloquy expressing his satisfaction with his counsel's performance, because he failed to provide clear and convincing evidence during his collateral proceeding that rebutted the truthfulness of those statements. Second, the Delaware Supreme Court determined

7

that Petitioner received a clear benefit by pleading guilty because he would have risked imprisonment for life had he proceeded to trial. Lopez, 2009 WL 1317092, at *2.

After reviewing the record, the Court concludes that the Delaware Supreme Court's denial of Claim One does not warrant habeas relief. To begin, the Delaware Supreme Court analyzed Petitioner's ineffective assistance of counsel allegations within the Strickland/Hill framework. Therefore, its denial of Claim One was not contrary to clearly established Federal law. See Williams, 529 U.S. at 406 ("A run of the mill state court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s contrary to clause.").

The Delaware Supreme Court also reasonably applied the Strickland/Hill standard in denying Claim One. It is well-settled that "[s]olemn declarations in open court carry a strong presumption of verity" that creates a "formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). The record in this case supports the Delaware Supreme Court's decision to accept as true the statements Petitioner made during his plea colloquy. For instance, when Petitioner hesitated to accept the plea during the initial portion of the plea colloquy, the Superior Court judge afforded him an additional opportunity to confer with counsel. After engaging in a further discussion with counsel, Petitioner returned to the plea colloquy and explicitly indicated that he wished to enter a guilty plea. The Delaware Superior Court judge then conducted a careful and thorough inquiry with Petitioner while taking his plea. Petitioner clearly stated that nobody had threatened or forced him to enter the guilty plea, that he had discussed his case with defense counsel, and that he was satisfied with his counsel's representation. The Superior Court judge informed petitioner that he faced a total

8

maximum sentence of fifty years and a total minimum mandatory sentence of five years under the plea agreement, and Petitioner clearly expressed his understanding of this sentencing range. And finally, Petitioner filled out a Truth-In-Sentencing form ("TIS form") indicating his satisfaction with counsel's representation and that he was advised of his rights.

Based on this record, the Court finds that the Delaware Supreme Court reasonably applied Blackledge in determining that Petitioner failed overcome the formidable barrier created by the statements he made during the plea colloquy.  In turn, Petitioner's unsupported contentions in this proceeding fail to provide compelling evidence as to why the statements he made during his plea colloquy should not be presumptively accepted as true.  Given these findings, the Court concludes that the Delaware Supreme Court reasonably applied the Strickland/Hill standard in denying Petitioner's ineffective assistance of counsel claim.

Moreover, the Delaware Supreme Court reasonably applied Strickland and Hill in holding that Petitioner failed to demonstrate the prejudice necessary to establish a successful ineffective assistance of counsel claim due to the substantial benefits he derived by pleading guilty.  Petitioner was originally charged with one count of first degree murder, one count of attempted first degree murder, two counts of PFDCF, and one count of PDWPP, and he faced potential life imprisonment if convicted on all of these charges.  However, defense counsel successfully negotiated a final plea agreement whereby Petitioner pled guilty to one count each of manslaughter and PFDCF, reducing his potential imprisonment to a maximum of fifty years. None of Petitioner's assertions in this proceeding regarding counsel's performance demonstrate that he would have continued with his trial and that he would have accepted the risk of life imprisonment rather than enter a plea agreement with a maximum fifty year sentence.

9

Accordingly, the Court concludes that Claim One does not warrant habeas relief under §
2254(d)(1).

**B.**     **Claim Two: Denial of Petitioner's Motion to Withdraw Guilty Plea**

In Claim Two, Petitioner contends that the Superior Court erred in denying his motion to
withdraw his guilty plea because "[i]t's clear from the plea colloquy [transcript] that defendant
was not happy with counsel's representation.  In fact, defendant stated the only reason why he's
considering accepting the plea is because counsel refused to do anything for him.  The trial court
did not properly establish a factual basis to refuse defendant's request even after it was clear that
the plea was unknowing and involuntary."  (D.I. 2, at p. 8)

Petitioner presented the instant argument to the Delaware Superior Court in his first Rule
61 motion/motion to dismiss.  The Superior Court denied the argument after determining that
Petitioner's guilty plea was knowing, intelligent, and voluntary.  Lopez, 2007 WL 1248515, at
*2.  Petitioner did not appeal that decision.  Instead, he raised the argument regarding the
involuntary plea to the Delaware Superior Court in a subsequent Rule 61 motion.  The Superior
Court denied the claim as barred by Delaware Superior Criminal Rule 61(i)(4) for being
formerly adjudicated.  State v. Lopez, ID No. 0404018958, Opinion at p. 6 (Del. Super. Ct. Dec.
19, 2008).  The Delaware Supreme Court affirmed the Superior Court's judgment, and
alternatively denied the claim as meritless after determining that Petitioner's guilty plea was
knowing and voluntary.  Lopez, 2009 WL 1317092, at *1.

By applying the procedural bar in Rule 61(i)(4), the Delaware Supreme Court articulated
a "plain statement" under Harris v. Reed, 489 U.S. 255, 263-4 (1989) that its decision rested on
state law grounds.  The judges in this District have consistently held that Rule 61 is an

10

independent and adequate state procedural rule precluding federal habeas review.[1]  See McCleaf v. Carroll, 416 F. Supp. 2d 283, 296 (D. Del. 2006);  Mayfield v. Carroll, 2005 WL 2654283 (D. Del. Oct. 11, 2005).  Thus, the Court cannot review the merits of Claim Two absent a showing of cause for Petitioner's default, and prejudice resulting therefrom, or upon a showing that a miscarriage of justice will occur if the Claim is not reviewed.

Petitioner attempts to establish cause for his default by blaming defense counsel for not raising the involuntary plea issue on direct appeal.  Petitioner, however, never raised this particular ineffective assistance of counsel allegation when he collaterally challenged his conviction in his state Rule 61 proceeding and post-conviction appeal.  Consequently, this ineffective assistance of counsel allegation is itself procedurally defaulted under Rule 61(i)(2)[2] and cannot excuse Petitioner's procedural default of the substantive involuntary guilty plea claim.  See Edwards v. Carpenter, 529 U.S. 446, 453-54 (2000).

Given Petitioner's failure to establish cause for his default of Claim Two, the Court does not need to consider the issue of prejudice.  Additionally, the miscarriage of justice exception to the procedural default doctrine cannot excuse Petitioner's default because he has not provided new reliable evidence of his actual innocence.  Accordingly, the Court will deny Claim Two as procedurally barred.

**C.**    **Claims Three and Four: Trial Court's Denial of Petitioner's Request for a Continuance and Trial Court's Failure to Hold an Evidentiary Hearing**

---

[1]Even though the Delaware Supreme Court alternatively denied Claim Two as meritless, the Delaware Supreme Court's application of the Rule 61(i)(2) bar remains an independent and adequate state ground triggering the procedural default doctrine.  See Harris, 489 U.S. at 264 n. 10;  Johnson v. Pinchak, 392 F.3d 551, 558 (3d Cir. 2004).

[2] See Lawrie v. Snyder, 9 F. Supp. 2d 428, 453-54 (Del. 1998).

Petitioner was indicted on November 29, 2004.  On April 6, 2006, Petitioner filed a motion to dismiss defense counsel, asserting that his attorney had a conflict of interest.  By order dated May 24, 2006, the Superior Court denied Petitioner's motion as meritless.  Petitioner appealed that decision to the Delaware Supreme Court, which dismissed the appeal for lack of jurisdiction on August 9, 2006.  (D.I. 17)

Petitioner's trial was originally scheduled for September 12, 2006.  However, the trial court conducted a plea colloquy on September 7, 2006 after Petitioner decided to plead guilty. During the plea colloquy, Petitioner asked the Superior Court judge to postpone the case so that his family in Mexico could hire a different attorney to represent him.  The trial judge refused Petitioner's request.  The colloquy continued, and the Superior Court accepted Petitioner's guilty plea as knowing, intelligent, and voluntary.

Now, in Claim Three, Petitioner contends that the Superior Court violated his due process rights by refusing to grant his request for a continuance.  In Claim Four, Petitioner argues that the Superior Court should have held a pre-trial evidentiary hearing to determine if a conflict of interest existed between Petitioner and defense counsel.  Petitioner presented these two claims to the Delaware state courts in his second Rule 61 motion.  The Superior Court denied the claims as barred by Rule 61(i)(2) because Petitioner failed to raise the claims in his first Rule 61 motion /motion to dismiss.  The Superior Court alternatively denied the claims as meritless and unsubstantiated.  On post-conviction appeal, the Delaware Supreme Court denied the claims as waived, explicitly holding that,

> Under Delaware law, a voluntary guilty plea constitutes a waiver of any alleged errors or defects occurring prior to the entry of the plea.  Because [Petitioner's] guilty plea was voluntary, we conclude that those claims are waived and, therefore, must be denied.

12

Lopez, 2009 WL 1317092, at *2.

To the extent Claims Three and Four challenge state law procedures contained in Rule 61, they fail to assert claims cognizable on Federal habeas review.  To the extent the claims are cognizable in this proceeding, the Court rejects them for the following reasons.

According to well-settled precedent, "[w]hen a criminal defendant has solemnly admitted open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973).  A guilty plea constitutes a "break in the chain of events leading up to it," and federal habeas corpus review of claims raised by a petitioner who has entered a guilty plea is limited to "the nature of [defense counsel's] advice and the voluntariness of the plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973).  Consequently, the only claims not barred by a guilty plea are those "that challenge the very power of the State to bring the defendant into court to answer the charge against him," and those that challenge the validity of the guilty plea itself.  Blackledge v. Perry, 417 U.S. 21, 30 (1974); Hill, 474 U.S. at 58.

As previously explained, the Court concludes that the Delaware state courts reasonably applied Blackledge in determining that Petitioner's admissions during his plea colloquy demonstrated that his  guilty plea was knowing and voluntary.  The errors Petitioner attributes to the Superior Court, namely, failing to conduct an evidentiary hearing on his motion for new counsel and failing to grant a continuance, occurred prior to the entry of his guilty plea.  The instant two complaints also do not challenge the validity of the guilty plea or the State's power to bring Petitioner to court.  Consequently, pursuant to Tollett, the Delaware Supreme Court's

denial of Claims Three and Four as waived does not warrant habeas relief.

Nevertheless, even if the Court were to consider these claims on their merits, Petitioner's arguments are unavailing.  First, in order to establish a violation of the Sixth Amendment based on defense counsel's conflict of interest, Petitioner must demonstrate that an actual conflict of interest adversely affected his lawyer's performance.  Cuyler v. Sullivan, 446 U.S. 335, 348 (1980).  An actual conflict of interest only arises when "trial counsel's interests and the defendants' interests diverge[] with respect to a material factual or legal issue or to a course of action."  Government of Virgin Islands v. Zepp, 748 F.2d 125, 135 (3d Cir. 1984).  Although typical conflict of interest cases arise in the context of an attorney's representation of multiple clients, the Third Circuit has held that conflicts of interest can arise in other cases, such as when counsel's personal interests are "'inconsistent, diverse, or otherwise discordant' with those of his client and [those interests] affected the exercise of his professional judgment on behalf of his client."[3]  Id.;  see also United States v. Gambino, 864 F.2d 1064, 1070 (3d Cir. 1988).  Consequently, in order to establish an actual conflict of interest, Petitioner must "demonstrate that some plausible defense strategy or tactic might have been pursued . . . [and] that the

---

[3]The seminal Supreme Court case involving actual conflicts of interest is Cuyler v. Sullivan, 446 U.S. 335, 350 (1980).  Sullivan and subsequent Supreme Court jurisprudence regarding actual conflicts of interest arose in the context of an attorney's representation of multiple clients, where "the conflict exists between the interests of one defendant and the interests of other defendant's served by the same attorney."  Zepp, 748 F.2d at 135.  Recently, in Mickens v. Taylor, 535 U.S. 162 (2002), the Supreme Court questioned the applicability of Sullivan to conflicts arising outside the context of  multiple representation, and opined that it remains an open question whether Sullivan should be extended to other kinds of conflict of interest cases.  Id. at 175-76.  However, in its 1983 Zepp decision, the Third Circuit expressly extended Sullivan to conflict of interest cases other than those arising in the multiple representation context.  Zepp, 748 F.2d at 135.  The Third Circuit has not addressed the effect of Mickens on its holding in Zepp.  Therefore, the Court assumes that Sullivan's doctrine regarding actual conflicts of interest applies in Petitioner's case.

alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests." <u>Gambino</u>, 864 F.2d at 1070.   In other words, while Petitioner has a right to counsel without a conflict of interest, he does not have the right to an attorney who does not disagree with him over how to proceed with his case, nor does he have a constitutional right to a meaningful relationship with his public defender.  <u>See</u> <u>Morris v. Slappy</u>, 461 U.S. 1, 13-14 (1983).

Here, the cursory and unsubstantiated assertions made by Petitioner in his state collateral proceeding and in this proceeding fail to demonstrate the existence of any conflict of interest with counsel triggering the need for an evidentiary hearing.  Petitioner's assertions fail to establish the plausibility of any alternative avenue of strategy he asked counsel to pursue in the handling of his case.  Moreover, Petitioner's "conflict of interest" allegation appears to be a mere re-statement of his ineffective assistance of counsel allegations contained in Claim One, which the Court has already determined to be meritless.  Thus, the Court concludes that Petitioner has failed to demonstrate the existence of an actual conflict of interest.

Given the absence of any actual conflict of interest with his public defender, Petitioner has not shown that the Superior Court's denial of a continuance resulted in a violation of his Constitutional rights.  Accordingly, the Court alternatively concludes that  Claims Three and Four do not warrant habeas relief because they lack merit.

**D.     Claim Five:  Superior Court's Participation in Plea Discussions**

In his final claim, Petitioner contends that the trial court inappropriately participated in plea discussions by "practically interrogat[ing] the defendant and appl[ying] psychological pressure" during the plea colloquy.  Petitioner presented this argument to the Delaware Superior

Court in his second Rule 61 motion.  The Superior Court denied the argument after determining that the trial judge's "'participation in plea discussions' was not only proper, but required before a plea could be accepted" under Delaware Superior Court Criminal Rule 11.  Lopez, ID # 0404018958, at p. 12.  On post-conviction appeal, Petitioner alleged that the Superior Court judge "created a conflict of interest and became completely biased, prejudicial to appellant during the proceedings leading to the judgment of conviction."  (D.I. 17, Appellant's Op. Br. in Lopez v. State, No.259,2008, at p. 16)  The Delaware Supreme Court rejected this argument after explicitly noting that Delaware Superior Court Criminal Rule 11 requires a Superior Court judge to engage in a colloquy with a defendant who enters a plea of guilty to insure that the defendant is fully aware of the charges against him and that he understands the consequences of entering the plea.  Lopez, 2009 WL 1317092, at *2.  Specifically, the Delaware Supreme Court held that "the transcript of [Petitioner's] plea colloquy reveals no error or abuse of discretion on the part of the Superior Court judge in this respect.  Therefore, we conclude that this claim also is without merit."  Id.

　　　　To the extent Claim Five is based upon a violation of Delaware Superior Court Criminal Rule 11, it does not assert an issue cognizable in this Federal habeas proceeding.  However, to the extent the Claim can be liberally construed as asserting a violation of Petitioner's due process rights, the Court will review the argument de novo because the Delaware Supreme Court reviewed the claim as a state law issue rather than as a Federal due process claim.[4]  See

---

[4]A liberal reading of the claim asserted by Petitioner on post-conviction appeal indicates that Petitioner fairly presented a judicial bias argument premised on a violation of his right to due process under the Fourteenth Amendment.  See, e.g., Bracy v. Gramley, 520 U.S. 899, 904-05 (1997)("the floor established by the Due Process Clause clearly requires a 'fair trial in a fair tribunal', before a judge with no actual bias against the defendant or interest in the outcome of his particular case.").  The State Supreme Court, however, reviewed the claim as a state law

Holloway v. Horn, 355 F.3d 707, 718-19 (3d Cir. 2004).  Turning to Petitioner's brief on post-conviction appeal for clarification of Claim Five, the Court views Petitioner as asserting the following eight specific instances of the trial judge's alleged improper involvement in the plea colloquy: (1) the judge discussed the issue of a ballistics report; (2) the judge discussed whether a gun was retrieved; (3) the judge  informed Petitioner that he only gets one appointed public defender, and if that representation does not work out then he must represent himself; (4) the judge discussed with the State prosecutor that the plea would be removed from the table if it was not accepted that same day; (5) the judge assumed that Petitioner would not be able to afford private counsel during plea discussions; (6) the judge caused Petitioner to fear that he would have to represent himself and that he would be denied any other counsel; (7) the judge failed to post-pone Petitioner's plea discussion after it became apparent that Petitioner was confused and unadvised; and (8) the judge advised Petitioner as though he were Petitioner's counsel.  (D.I. 17, Appellant's Op. Br. in Lopez v. State, No.259,2008, at pp. 20-22)

The question in this Federal habeas proceeding is whether the Delaware Superior Court judge's involvement in the plea colloquy violated Petitioner's due process rights, either because the judge's involvement prevented Petitioner from understanding the nature of the charges against him or actually coerced him to plead guilty or no contest.[5]  See  McMahon v. Hodges,

---

issue asserted under Delaware Superior Court Criminal Rule 11.

[5]In performing this inquiry, the Court is mindful that the issue of voluntariness in pleading guilty constitutes a question of federal law.  See Miles v. Dorsey, 61 F.3d 1459 (10th Cir. 1995).  However, to the extent that the determination of voluntariness is based upon a review of the facts found in state court, the state court's factual determinations are presumed to be correct unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1);  see Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996)(where the voluntariness of a guilty plea was reviewed under the deferential presumption of correctness formerly only accorded to state court factual findings);  Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir. 2000);  Gattis v. Snyder, 46 F.

382 F.3d 284, 289 n.5 (2d Cir. 2004)(explaining that the blanket prohibition on the involvement

of Federal judges in Federal guilty pleas, as contained in Federal Rule of Criminal Procedure 11,

does not apply to state judges because the prohibition is not a constitutional rule)(collecting

cases); Toler v. Wyrick, 563 F.2d 372, 374 (8th Cir. 1977); Brown v. Peyton, 435 F.2d 1352,

1356 (4th Cir. 1970).  Having reviewed the record, the Court concludes that the statements made

by Superior Court judge during Petitioner's plea colloquy did not coerce Petitioner to plead

involuntarily.[6]  First, the majority of the judge's comments identified by Petitioner as "coercive"

_____

Supp. 2d 344, 366 (D. Del. 1999).

[6]For instance, the judge did not initiate the discussion on the eight "taboo" topics
mentioned by Petitioner.  Rather, the judge started the plea colloquy by asking Petitioner if he
was satisfied with counsel's representation, and the judge's alleged improper discussions
stemmed from Petitioner's reply that he was not happy with defense counsel.  The judge asked
Petitioner what he would like counsel to do in "fighting for him" at trial.  Petitioner answered
that he wanted counsel to "get the things that I have asked for, like gun ballistics."  (D.I. 17, ex.
53 lines 22-23).  Petitioner also referred to a recovered gun recovered mentioned in what he
referred to as his "Rule 16."  Id. at ex. 54, lines 20-21.  Defense counsel replied that the State did
not have a ballistics report, and also that no gun was recovered.  Id. at ex. 54, p. 7 lines 16-20.
The trial judge then stated

> [w]ell, I really don't know what to do, because if you go to trial and the State has enough
> evidence to demonstrate that you're guilty of the counts charged, you will be sentenced
> for the rest of your life.  And you'll actually get two life sentences plus mandatory time
> for firearms on three counts.  And that's a lot of time.
>
> Now, if you are convinced that you are not guilty and you are convinced that the State
> does not have enough evidence to prove that you're guilty, then you should go to trial.  If
> you feel that the State has enough evidence to demonstrate that you are guilty, you should
> seriously consider taking a plea, but it is entirely your decision.

Id. at ex. 54, p. 8 lines 6-19.  The judge explained that he did not know the nature of the State's
evidence, and even if he did, he could not advise Petitioner.  Id. at pp. 9-10, lines 23, 1-2.
Additionally, the judge told Petitioner that no one was going to force him to take a plea, and that
Petitioner should listen to his attorney about the nature of the State's evidence to decide whether
he wants to take the offered plea.  Id.

As for the judge's comments on Petitioner's right to appointed counsel, they were made

were made in the context of exploring Petitioner's expressed dissatisfaction with defense counsel's handling of pre-trial matters.  The judge gave no indication as to whether he was convinced of Petitioner's guilt or that he would retaliate if Petitioner failed to accept the plea offer.  The judge did not commit himself to a sentencing position, nor did he attempt to influence Petitioner to give up his right to go to trial.  In fact, the constant theme underlying all of the judge's responses was that Petitioner had the final authority to either accept or reject the plea offer, and that Petitioner should consider defense counsel's advice in making that decision.

Simply stated, the "constitution does not forbid the moderate type of participation shown here in plea negotiations by state trial judges."  Damiano v. Gaughan, 770 F.2d 1, 2 (1st Cir. 1985).  Accordingly, the Court will deny Claim Five as meritless.

### III.  **CERTIFICATE OF APPEALABILITY**

---

in response to Petitioner's question as to whether he could do anything in addition to his previously filed motion to dismiss counsel.  Specifically, the judge explained,

> [w]ell, if your court-appointed counsel is dismissed, you will have to represent yourself. You are only entitled to one appointed counsel at the expense of the State.  Now, you can hire private counsel.  My suspicion is you do not have the financial resources to do so or else you would not be here.  But you get one court-appointed counsel.  If, for whatever reason that relationship doesn't work out, then you will have to represent yourself, which I strongly advise against under any circumstances.

Id. at ex. 54, p. 10, lines 8-19.  And, finally, after Petitioner stated that his counsel had informed him that the Superior Court judge would not postpone the trial so that Petitioner's family in Mexico could possibly hire an attorney, the judge explained that he would not postpone the case and that the trial was calendared for Tuesday.  Id. at p. 11, lines 1-7.  The judge then explained,

> [s]o we can go to trial Tuesday and I – and my suspicion – Mr. O'Connor, correct me if I'm wrong, and Ms. Volker, is if this plea is not accepted today it's off the table; is that correct?

Id. at lines 10-12.

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability.  See 3d Cir. L.A.R. 22.2 (2008).  A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000).  If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  Id.

The Court has concluded that the instant Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 does not warrant relief.  The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

## IV.  CONCLUSION

For the reasons discussed, the Court denies the instant Petition for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2254, without an evidentiary hearing.  (D.I. 2.)

An appropriate Order follows.

s/Robert B. Kugler_____
Robert B. Kugler
United States District Judge

20

Dated: June 2,  2010

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

```
_____
```

| | | |
|---|---|---|
| ALEM LOPEZ, | : | |
| | : | Civil Action No. 09-405 (RBK) |
| Petitioner, | : | |
| | : | |
| v. | : | **ORDER** |
| | : | |
| PERRY PHELPS, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |
| | : | **CLOSED** |

For the reasons set forth in the Opinion filed herewith, IT IS on this ___2nd___ day

of June, 2010,

ORDERED that the Petition for writ of habeas corpus under 28 U.S.C. § 2254 (D.I. 2) is

DISMISSED WITH PREJUDICE, and it is further

ORDERED that no certificate of appealability shall issue under 28 U.S.C. § 2253(c)(2),

the Petitioner having failed to make a substantial showing of the denial of a constitutional right,

and it is further

ORDERED that  the Clerk shall CLOSE this civil action statistically.

s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge